**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, ) <br> f/k/a ROYAL INDEMNITY COMPANY, ) <br>     Plaintiff/Counterclaim Defendant, ) <br> ) <br> vs. ) <br> ) <br> HARTFORD FIRE INSURANCE ) <br> COMPANY, ) <br>     Defendant/Cross-Claim Defendant, ) <br> ) <br>     -and- ) <br> ) <br> STUDENT FINANCE CORPORATION, ) <br>     Defendant/Counterclaim and ) <br>     Cross-Claim Plaintiff. ) | C.A. No.: 09-166 (LPS) |

**ARROWOOD INDEMNITY COMPANY f/k/a ROYAL INDEMNITY COMPANY'S
OPPOSITION AND ANSWER TO DEFENDANT HARTFORD FIRE INSURANCE
COMPANY'S MOTION FOR REARGUMENT**

Plaintiff Arrowood Indemnity Company, f/k/a Royal Indemnity Company ("Royal"), by counsel and pursuant to D. Del. LR 7.1.5, submits its Opposition and Answer to Defendant Hartford Fire Insurance Company's ("Hartford") Motion for Reargument, and respectfully requests that this Court enter an Order denying the Motion.

**I.     INTRODUCTION.**

In response to the parties' respective Cross-Motions for Summary Judgment (D.I. 72, 74), this Court entered its March 30, 2011 Memorandum Opinion (D.I. 123, "Mem. Op.") denying Hartford's Motion for Summary Judgment in its entirety, and granting Royal's Motion for Summary Judgment in part.  Despite the demanding standards this Court has established for reargument, Hartford contends that this Court's Memorandum Opinion "misapprehended

undisputed, material facts and applicable law" with respect to two findings: (i) that genuine issues of material fact precluded Hartford's entitlement to judgment as a matter of law on its claim that the Financial Institution Bond's (the "Bond") suit limitation clause barred the insured's Chapter 7 Trustee's claim under the Bond; and (ii) that Hartford was not entitled to judgment as a matter of law with respect to its assertion that Royal lacked standing to bring suit under the Bond in its own name.

As discussed below, the only misapprehensions of fact and the law are Hartford's.  With respect to the first issue, Hartford apparently misunderstands both the issue upon which this Court found a genuine issue of material fact, and the record evidence in support thereof. Moreover, because Hartford makes the same argument here that it made in its summary judgment papers -- that the doctrines of waiver and/or estoppel are not applicable to preclude application of the suit limitation period -- its Motion does not fall within any of the reasons upon which a motion for reargument may be granted.   Regarding the second issue, Hartford's contention that Delaware law precludes the use of extrinsic evidence in analyzing a party's status as a third party beneficiary is simply misfounded under the facts of this case.

## II.    THE REARGUMENT STANDARD.

As this Court has noted, motions for reargument should be granted only "sparingly," and in "narrow circumstances."  *See LG Display Co. v. AU Optronics Corp.*, Nos. 06-726-JJF, 07-357-JJF, 2011 U.S. Dist. LEXIS 14227, at *8 (D. Del. Feb. 14, 2011); *BP Amoco Chem. Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002); D. Del. LR 7.1.5.  The decision to grant such a motion lies squarely within the discretion of the district court.  *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).  Motions for reargument are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the

parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 U.S. Dist. LEXIS 121667, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance, however, should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295. Notably absent from Hartford's Motion is any reference to this standard, or how Hartford's Motion satisfies any part of it.

## III.   ARGUMENT.

### A.   Because The Record Demonstrated Genuine Issues Of Material Fact As To Whether Hartford Waived Or Was Estopped From Relying On The Bond's Suit Limitation Clause, The Reargument Standard Is Not Met.

Hartford faults this Court for "conclud[ing] that a factual issue exists as to whether Hartford sent a Proof of Loss form to SFC or otherwise contacted SFC after receiving notice of claim." *See* Motion at 2. Hartford misunderstands the issue upon which this Court found facts in dispute.

The basis upon which Hartford requests reargument is that this "Court misapprehended or overlooked the Trustee's sworn admission in the joint response to Hartford's Interrogatories."

*Id.* The "admission" to which Hartford refers states only that the initial notice of the claim sent to Hartford was sent on behalf of both Royal and SFC (the Bond's named insured). *Id.* at 2-3. It does not shed any light on what Hartford did (or failed to do) after it received the notice of loss. Indeed, in determining that the record evidence demonstrated a genuine issue of fact, this Court's focus was not on the issue of *who sent* the notice, but rather *what Hartford did or did not do in response* to receiving the notice, and *whether Hartford's actions in response were justified*.

> Indeed, the Court's Memorandum Opinion states as follows:

> . . . Francis Bogdan, Hartford's claims manager [] apparently sent a proof of loss form to Royal's counsel, not to SFC." (D.I. 76 Ex. 12). "Mr. Bogdan testified that he made no further effort to contact SFC, and that he took no further action with regard to the claim after this point." (Sept. 2009 Bogdan Dep. At 107-08). Hartford contends that this alleged inaction was due to SFC's failure to provide additional information. (D.I. 100 at 14; Sept. 2009 Bogdan Dep. at 103). Taking this record evidence in the light most favorable to the Trustee, however, the Court concludes that there are genuine issue of material fact as to whether the doctrines of waiver or estoppel apply to excuse the untimeliness of the Trustee's claims.

Mem. Op. at 26. As this Court made clear, the waiver and estoppel arguments focused on whether or not Hartford communicated with SFC after receiving the notice of loss. *See* Mem. Op. at 26.

Hartford asks this Court to permit reargument of this issue by making a factually unsupported and implausible inferential leap that Hartford's response to the notice of loss, which was sent only to Royal's counsel, constituted a response to SFC *solely because the notice to Hartford was provided on behalf of both Royal and SFC*. Hartford made this same argument in its summary judgment papers. *See* Hartford Reply Memorandum (D.I. 100 at 13-14). Simply stated, the record reflects a factual dispute as to this issue. Moreover, there is no "patent misunderstanding," no "decision outside the adversarial issues presented by the parties," and no

"error not of reasoning but of apprehension." *See Schering*, 25 F. Supp. 2d at 295.  As such, Hartford fails to meet the standard for reargument.[1]

> **B.   Hartford's Motion for Reargument Fails Because Delaware Law Permits Extrinsic Evidence to Inform the Third Party Beneficiary Analysis.**

This Court found that Hartford was not entitled to judgment as a matter of law under its argument that Royal lacked standing to assert a claim as a third party beneficiary of the Bond. Hartford contends that this Court "misapprehended the law" in considering parol evidence in the form of deposition testimony when making this finding.  *See* Motion at 6.  Hartford relies on several cases for the proposition that extrinsic evidence may not be relied upon to interpret an unambiguous contract.  While that may be the law with respect to interpretation of unambiguous contracts, this Court's finding was made with respect to an entirely different issue -- Royal's third party beneficiary status.  As set forth below, parol evidence may be used for this purpose.

Contrary to Hartford's contention, this Court correctly determined that a Delaware court would look to extrinsic evidence to determine third-party beneficiary status when the parties' contract contemplated the existence of the third party.  *See Am. Fin. Corp. v. Computer Sciences Corp.*, 558 F. Supp. 1182, 1186 (D. Del. 1983) (citing *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 327 (Del. Super. 1973)); *see also A.W. Fin. Servs., S.A. v. Empire Res., Inc.*, 07 Civ. 8491 (SHS), 2010 U.S. Dist. LEXIS 103576, 24-25 (S.D.N.Y. Sept. 30, 2010) (holding that "in determining whether a party is a third-party beneficiary, a court should look first at the contract's language, and then, if appropriate, to the surrounding circumstances.") (citing *Am. Fin. Corp.*, 558 F. Supp. at 1184 (D. Del. 1983)); 4 Corbin on Contracts, § 776 at

---

[1]   Hartford cites several cases in support of its contention that the doctrines of waiver or estoppel do not bar its claim that this matter was brought in contravention of the Bond's suit limitation clause.  The cases Hartford cites, however, are quoted out of context, and do not support its position.  Moreover, Hartford made these arguments in its summary judgment papers; to the extent it did not do so, Hartford could have.  As such, the Court should not permit Hartford to "accomplish repetition of arguments that were or should have been presented to the court previously."  *See Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

Supp. 7 ("it may be possible to ascertain third-party beneficiary status wholly from extrinsic evidence."). The Bond includes Royal as a loss payee, demonstrating that it was entered into, at least in part, for Royal's benefit. Because of this, it was entirely appropriate to look to extrinsic evidence. Moreover, there is nothing within the Bond's four corners prohibiting the use of extrinsic evidence.

Hartford chiefly relies on one case for its argument, *Triple C Railcar Serv., Inc. v. City of Wilmington*, 630 A.2d 629 (Del. 1993). Hartford's reliance on this case is misleading. In *Triple C*, after the owner of a railcar maintenance facility suffered flood damage, it attempted to hold the City of Wilmington liable, claiming that it was a third party beneficiary to the City's contract with the federal government. *Id*. at 630. The Delaware Supreme Court first cited applicable law holding that a party will be deemed a third party beneficiary only "if the contract has been made for its benefit," and if the parties to the contract intended the party "as either a donee or creditor beneficiary." *Id*. at 633 (citations omitted).

Hartford incorrectly states that Triple C argued that the "'circumstances surrounding the formation of the contract 'should have been examined,'" *and that "[t]he Court disagreed*." *See* Motion at 7 (citing *Triple C*, 630 A.2d at 633) (emphasis added). Rather than disagreeing, the Delaware Supreme Court did review the record, stating that "[w]hile it is true that the Superior Court did not engage in a discussion of the 'surrounding circumstances,' we are not persuaded that the record supports a contrary result." *Triple C*, 630 A.2d at 633. While the court did note that "there must be some indication in the contract itself of such an intention before any interpretive search of the surrounding circumstances is undertaken to resolve ambiguity," it then proceeded to review the "surrounding circumstances" without any mention of contract ambiguity. Indeed, in the opinion's conclusory paragraph, the court again made note of its

review of the record, stating that the "'surrounding circumstances at the time did not include consideration of Triple C's interests." *Id*. at 634. Thus, the principal case Hartford cites for the proposition that parol evidence is not admissible to determine third party beneficiary status was one in which the court did precisely that.

Even were the law to be other than as stated above, Hartford misunderstands this Court's reference to the deposition testimony on this issue. This Court's Memorandum Opinion first set forth the three-prong Delaware standard under which a party may be deemed a third party beneficiary, stating as follows:

> For a party to be deemed a third-party beneficiary to a contract, "(i) the contracting parties must have intended that the third party beneficiary benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a preexisting obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract." *Madison Realty Partners 7, LLC v. AG ISA, LLC*, No. Civ. A. 18094, 2001 Del. Ch. LEXIS 37, 2001 WL 406268, at *5 (Del. Ch. Apr. 17, 2001).

Mem. Op. at 31. This Court then cited "record evidence suggesting that SFC obtained the Bond from Hartford at the behest of Royal**,** so that Royal would issue credit risk policies to SFC." *Id*. The record included facts which satisfy the second and third elements of the third party beneficiary standard. As such, this Court properly denied Hartford's motion for summary judgment on this issue.

## IV.   CONCLUSION

For the reasons set forth above, Royal respectfully requests that this Court deny Hartford's Motion for Reargument.

GREENBERG TRAURIG, LLP

OF COUNSEL:

_/s/ Joseph B. Cicero_____
Victoria W. Counihan (No. 3488)

PILLSBURY WINTHROP SHAW
PITTMAN LLP
Peter M. Gillon (*pro hac vice*)
Geoffrey J. Greeves (*pro hac vice*)
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone:  (202) 663-8000

Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 661-7000
counihanv@gtlaw.com
ciceroj@gtlaw.com

Dated: April 27, 2011

*Counsel to Arrowood Indemnity Company f/k/a Royal
Indemnity Company*