IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, f/k/a ROYAL INDEMNITY COMPANY, <br><br> Plaintiff/ Counterclaim Defendant, <br><br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY, <br><br> Defendant/ Cross-Claim Defendant/ Counterclaim Plaintiff, <br><br> and <br><br> STUDENT FINANCE CORPORATION, <br><br> Defendant/ Counterclaim Defendant/ Counterclaim and Cross-Claim Plaintiff. | C.A. No. 09-166-LPS |

## MEMORANDUM ORDER

Pending before the Court is the Motion For Reargument filed by Defendant Hartford Fire Insurance Company ("Hartford"). (D.I. 126) By its motion, Hartford asks the Court to permit reargument of the Court's March 30, 2011 ruling denying Hartford's motion for summary judgment and granting in part the motion for summary judgment of Plaintiff Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Royal"). (D.I. 123) ("Summary Judgment Order")[1] For the reasons stated below, Hartford's motion will be denied.

---

[1] The Chapter 7 Trustee ("Trustee") joins in Royal's opposition to Hartford's motion. (D.I. 130)

1

## I. LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 51195928, at *1 (D. Del. Dec.30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

## II. DISCUSSION

Hartford essentially presents two grounds for reargument. Specifically, Hartford contends that the Court misapprehended undisputed, material facts and applicable law with respect to (1) the issue of the alleged waiver and/or estoppel by Hartford in its response to the notice of loss; and (2) the alleged third-party beneficiary status of Royal.

With respect to the issue of waiver and/or estoppel, the Court held by its Summary Judgment Order that genuine issues of material fact precluded granting Hartford judgment as a matter of law on its claim that the Financial Institution Bond's suit limitation clause barred the insured's Chapter 7 Trustee's claim under the Bond. Hartford argues that the Court misapprehended the purportedly undisputed fact that Hartford sent a Proof of Loss form to both Royal and SFC (the Bond's named insured). Royal responds by pointing out that the Court found, instead, that there is a genuine issue of material fact not as to which entities provided notice to Hartford, but as to which party or parties Hartford provided its response. The Court agrees with Royal that Hartford has not identified a meritorious basis for the Court to reconsider its conclusion.

With respect to the issue of Royal's status as a third-party beneficiary, the Court held that Hartford was not entitled to judgment as a matter of law on its assertion that Royal lacked standing to bring suit under the Bond in its own name. Hartford argues that the Court misinterpreted Delaware law as permitting the use of extrinsic evidence to analyze a party's status as a third-party beneficiary. Royal responds by citing cases permitting such use of

extrinsic evidence in circumstances analogous to those presented here. On this issue the Court finds no meritorious basis to reconsider its conclusion.

Accordingly, Hartford's motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE